GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415)378-2625
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GILBERT MICHAEL GONZALES, an individual; and DOES 1-21, individuals,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**(3) VICARIOUS COPYRIGHT INFRINGEMENT; AND**<br>**(4) MISAPPROPRIATION OF RIGHT OF PUBLICITY (COMMON LAW AND CAL. CIV. PRO. § 3344)**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Titan Media's copyrights in its creative works by Defendants GILBERT MICHAEL GONZALES and DOES 1-21, whose names have not yet been determined, and to enjoin Defendants from future infringement. Defendants

-1-

reproduced, distributed and publicly displayed, through several Internet piracy web blogs certain Titan Media-owned photographs and audiovisual works.

## THE PARTIES

2. Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which its photographic and audiovisual works can be viewed by individuals who pay a monthly subscription fee.

3. Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995). Since then Plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography and Best Editing. Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

4. Plaintiff is informed and believes, and based thereon alleges, GILBERT MICHAEL GONZALES is an individual who resides in Desert Hot Springs, CA and operates a piracy ring through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Titan Media.

5. Defendant GONZALES is one of a growing number of individuals who maintain Internet-based piracy web blogs which are designed and operated for the sole purpose of distributing pirated versions of audio visual works, including audio visual works belonging to Plaintiff.

6. The true name of Defendant sued herein as Doe 1 is unknown to Plaintiff, which sues said Defendant by such fictitious name. Doe 1 uses the pseudonym "titgars" when participating in the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com. Plaintiff is informed and believes and based thereon alleges that Defendant DOE 1 is a resident of San Francisco, California. If necessary, Plaintiff will seek leave of court to amend this Complaint to state Doe 1's true name when ascertained. Plaintiff is informed and believes and based thereon alleges that Doe 1 should also be subject to the relief requested herein.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 2 through 21, are unknown to Plaintiff, which sues said Defendants by such fictitious names (the "Doe Defendants" – including Doe 1). If necessary, Plaintiff will seek leave of court to amend this Complaint to state their true names and capacitates when ascertained. Plaintiff is informed and believes and based thereon alleges that the Doe Defendants should also be subject to the relief requested herein.

## **JURISDICTION**

8. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

10. The Court has personal jurisdiction over Defendants. Defendant GONZALES lives in California. All Defendants solicit, transact, and are doing business within the State of California

and have committed unlawful and tortuous acts both within and outside the State of California causing injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

### **INTRADISTRICT ASSIGNMENT**

11.     Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

### **VENUE**

12.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

### **BACKGROUND**

13.     Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid detection, identification and prosecution. Defendants' operation represents one of the latest incarnations of on-line digital piracy.

14.     In order to facilitate the efficient transfer of unauthorized copies of audio visual files, Defendant GONZALES first obtains a copy of the audiovisual works and employs specialized technology to strip any protective measures from the work in order that the digital files can be reproduced, transferred and viewed without limitation. This process is commonly referred to as "ripping".

15.     In order to distribute the newly ripped pirated versions of the works, GONZALES must place the files on storage devices that are accessible to others. Maintaining the digital files on

a personal computer is not a satisfactory means for distribution because only a large capacity computer system could simultaneously transfer multiple copies of numerous audiovisual works at an acceptable transfer rate. Moreover, if GONZALES maintained the files on his own computer his infringing activities would be more readily detectable.

16. Therefore, after making illegal rips of audiovisual works, GONZALES places the unauthorized copies with one of many commercial enterprises offering free computer server space for hosting digital files. GONZALES places the unauthorized copies he creates on servers operated by a German-based company which operates a website located at the domain rapidshare.com. Each time GONZALES uploads a video file to rapidshare.com, Rapidshare provides him with a unique link identifying the exact location of the file on rapidshare.com servers. For example, one of Plaintiff's works GONZALES infringed was assigned the rapidshare location http://rapidshare.com/files/52781850/BaSt.part01.rar.

17. Rapidshare does not index digital files placed on its system or provide any searching capabilities. Therefore, in order to locate a file, an individual must have the exact file location or "link". In order to distribute the files to others, GONZALES provides the rapidshare links so they can locate the infringing files on Rapidshare's servers and download the files to their personal computers for unlimited viewing and further distribution.

18. When recipients enter the link into an Internet browser (or click on a copy of the link while viewing a webpage) they are directed to the location on Rapidshare.com's servers where the file is located. Recipients can then download the unauthorized copies to their personal computers for unlimited viewing. Recipients can increase the amount of material they can download and the rate of download speed by purchasing a premium account from Rapidshare. Exhibit A represents a true and complete copy of a rapidshare page linking to the location where a

portion of Plaintiff's work *Barnstorm* is hosted. By clicking the "premium" or "free" buttons the user can download the unauthorized copy of Plaintiff's audiovisual work to his computer for unlimited viewing or further distribution.

19. In order to distribute the links to as many people as possible, as efficiently as possible, GONZALES creates and operates various online piracy web blogs. By and through these web blogs, GONZALES publishes pictures and descriptions of the pirated audiovisual works along with the rapidshare.com links where he stores the unauthorized copies. GONZALES provides new descriptions, pictures and links to infringing files on a daily basis.

20. Users visiting GONZALES' piracy web blogs can simply click on the links he lists thereon and those users are directed to the rapidshare location where they can download the digital video files they wish to view for free.

21. GONZALES knows the Plaintiff actively protects its intellectual property and that Plaintiff searches the Internet for violations of its copyrights. Therefore, GONZALES and the other participants in his piracy ring take measures designed to thwart Plaintiff's ability to detect their illegal activity. Rather than refer to Plaintiff by name, GONZALES, refers to Plaintiff as "the evil empire" and often inserts characters in place of letters in the titles of Plaintiff's works. For example, *Barnstorm* becomes B@rnst0rm. When GONZALES posts Plaintiff's works he uses pictures as rebus clues rather than actual images from the works. For example, a picture of Snoopy fighting the Red Barron represents Plaintiff's work *Barnstorm*. This also is designed to help avoid detection. Exhibit B is a true and complete copy of a GONZALES posting exemplifying these evasive tactics. The rapidshare links appear as rs 1 to rs 10.

22. GONZALES also encourages other individuals to reproduce and distribute unauthorized copies of copyrighted works through the piracy web blog he operates at mcgsmen2.ning.com.

**FACTS COMMON TO ALL CLAIMS**

23. Each of the audiovisual works at issue in this action is of obvious high production value and is easily discernable as a professional work.

24. Each of the audiovisual works at issue in this action is either registered to Plaintiff with the United States Copyright Office or has an application for registration pending. True and complete copies of registration certificates or applications for works that are known to have been infringed are attached hereto as Exhibit C.

25. Defendant Gonzales purchased a subscription to Plaintiff's website on two separate occasions.

26. Defendant Gonzales knew the infringed works belonged to Plaintiff and made taunting statements on his piracy web blogs and other internet locations, referring to Plaintiff as "the evil empire" and referring to Plaintiff's vice president in charge of anti piracy as "crusty c*nt square pants".

27. Each of Plaintiff's works is marked with Plaintiff's trademark (either TitanMedia, TitanMen, ManPlay or MSR Video), a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted and, a statement that age verification records for all individuals appearing in the works are maintained at corporate offices in California, as required by 18 U.S.C. §2257.

28. All Defendants knew or should have known that Plaintiff's principle place of business is in San Francisco, California and that infringement of its works was likely to cause harm in California.

29. At various times, during regular inspections of Internet websites, Plaintiff's employees discovered and documented a number of Titan Media copyrighted works being publicly displayed and or distributed by and through piracy web blogs operated by Defendant GONZALES, including without limitation, timeforcookies.blogspot.com, tforc2.blogspot.com, mcgmen.blogspot.com, and mcgsmen2.ning.com.

30. On at least one occasion, GONZALES also distributed an unauthorized copy of Plaintiff's work by providing an unauthorized copy of the work to a website operated at gaytorrent.ru, a piracy website operated from Germany.

31. Plaintiff previously sent notice to the Internet service provider who hosted Defendants' blogs requesting that the links to the infringing files be blocked or removed.

32. Plaintiff is informed and believes and based thereon alleges that service providers cancelled each of the former piracy web blogs operated by Defendant GONZALES. However, each time one site was shut down, GONZALES started a new piracy web blog and continued his infringing activity.

33. GONZALES currently operates the latest incarnation of his piracy web blog at mcgsmen2.ning.com.

34. Concurrent with filing this Complaint, Plaintiff will serve notice to Ning.com, the service provider currently hosting Gonzales' blog, mcgsmen2.ning.com. The Notice will request that Ning.com block access to or remove all links to infringing copies of Plaintiff's works. A true and complete copy of that Notice is attached hereto as Exhibit D.

35. Also concurrent with filing this Complaint, Plaintiff will send notice to rapidshare.com, requesting that it remove all of the pirated versions of Plaintiff's works identified in the notice. A true and complete copy of that notice is attached hereto as Exhibit E.

36. Defendants, without authorization, copied, distributed and/or publicly displayed at least forty-five (45) audiovisual works owned by and registered to Plaintiff.

## FIRST CAUSE OF ACTION

(Copyright Infringement – 17 U.S.C. §501)

Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

37. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 36, inclusive.

38. At all times relevant hereto, Plaintiff has been the producer and owner of the photographic and audiovisual works reproduced, distributed and publicly displayed by Defendants through various online piracy web blogs, including without limitation timeforcookies.blogspot.com, tforc2.blogspot.com, mcgmen.blogspot.com, and mcgsmen2.ning.com.

39. For each of the works at issue in this matter, Plaintiff either holds a copyright registration certificate from the United States Copyright Office or has applied for a registration certificate.

40. Without authorization, Defendant GONZALES reproduced and distributed the following Plaintiff owned and copyrighted works: *Back to Barstow*, U.S. Copyright Registration Number PA 1-252-048; *Boiler*, U.S. Copyright Registration Number PA 1-368-496; *Campus Pizza*, U.S. Copyright Registration pending; *Eruption*, U.S. Copyright Registration Number PA 990-739; *Factory Fresh*, U.S. Copyright Registration pending; *Farm Hands*, U.S. Copyright

COMPLAINT

Registration Number PA  PA 1-366-853; *H2O*, U.S. Copyright Registration Number PA 1-379-764; *Holler*, U.S. Copyright Registration Number PA 1-119-433; *Laid Up*, U.S. Copyright Registration Number PA 1-040-878; *Life Guard*, U.S. Copyright Registration pending *ManPlay® 10*, U.S. Copyright Registration Number PA 1-228-121; *ManPlay® 22: Hard Work*, U.S. Copyright Registration Number PA 1-300-775; *ManPlay® 26: Nailed*, U.S. Copyright Registration Number PA 1-300-775; *Packers,* U.S. Copyright Registration Number PA 1-233-145; *R.E.M.*, U.S. Copyright Registration Number PA 1-130-969; *Riders*, U.S. Copyright Registration Number PA 1-328-405; *River Patrol*, U.S. Copyright Registration Number PA 885-073; *Seaman: Fallen Angel IV*, U.S. Copyright Registration Number PA 1-065-776; *Sex in the City*, U.S. Copyright Registration Number PA1-230-121; *Shacked Up*, U.S. Copyright Registration pending; *Slammer,* U.S. Copyright Registration Number PA 1-119-437; *Spy Quest,* U.S. Copyright Registration Number PA 1-292-223; *Work Out*, U.S. Copyright Registration pending.

41. Without authorization, Defendant DOE 1, who uses the pseudonym "titgars", reproduced screen captures from Plaintiff's work *Lifeguard*, U.S. Copyright Registration Number PA 1-304-285, and publicly displayed the unauthorized reproductions by and through the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

42. Without authorization, Defendant DOE 2, who uses the pseudonym "studly", reproduced and distributed the Plaintiff owned and copyrighted work *Alabama Take Down*, U.S. Copyright Registration Number PA 1-304-285 via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

43. Without authorization, Defendant DOE 3, who uses the pseudonym "hurst", reproduced and distributed the Plaintiff owned and copyrighted work *At Large*, U.S. Copyright

Registration Number PA 1-230-114 via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

44. Without authorization, Defendant DOE 4, who uses the pseudonym "serendip", reproduced and distributed the Plaintiff owned and copyrighted work *Carny*, U.S. Copyright Registration Number PA 1-221-850, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

45. Without authorization, Defendant DOE 5, who uses the pseudonym "furrrball", reproduced and distributed the Plaintiff owned and copyrighted work *Folsom Filth*, U.S. Copyright Registration pending, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

46. Without authorization, Defendant DOE 6, who uses the pseudonym "bixbegg2000", reproduced and distributed the Plaintiff owned and copyrighted work *Drill*, U.S. Copyright Registration Number PA 1-274-563, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

47. Without authorization, Defendant DOE 7, who uses the pseudonym "bigbuilder", reproduced and distributed the following Plaintiff owned and copyrighted works *Drill*, U.S. Copyright Registration Number PA 1-274-563, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

48. Without authorization, Defendant DOE 8, who uses the pseudonym "david (corsair)", reproduced and distributed the Plaintiff owned and copyrighted works *RX*, U.S. Copyright Registration Number PA 1-226-558 and *Laid Up*, U.S. Copyright Registration Number PA 1-040-878, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

49. Without authorization, Defendant DOE 9, who uses the pseudonym "jackcoughmee", reproduced and distributed the Plaintiff owned and copyrighted works *Giant I*, U.S. Copyright Registration Number PA 1-232-273, and *Giant II*, U.S. Copyright Registration Number PA 1-231-073, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

50. Without authorization, Defendant DOE 10, who uses the pseudonym "bart", reproduced, distributed and publicly displayed the Plaintiff owned and copyrighted work *Hitch*, U.S. Copyright Registration Number PA 1-344-055 via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

51. Without authorization, Defendant DOE 11, who uses the pseudonym "thomas", reproduced, distributed and publicly displayed the Plaintiff owned and copyrighted work *Horse: Fallen Angel V*, U.S. Copyright Registration Number PA 1-272-379, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

52. Without authorization, Defendant DOE 12, who uses the pseudonym "jebo2007", reproduced and distributed the Plaintiff owned and copyrighted work *The List*, U.S. Copyright Registration Number PA 1-232-820, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

53. Without authorization, Defendant DOE 13, who uses the pseudonym "brownsugar", reproduced, distributed and publicly displayed the Plaintiff owned and copyrighted work *Mensroom: Bakersfield Station*, U.S. Copyright Registration Number PA 1-233-097, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

54. Without authorization, Defendant DOE 14, who uses the pseudonym "princeplanet", reproduced and distributed the Plaintiff owned and copyrighted work *Naked*

*Escape*, U.S. Copyright Registration Number PA 871-481, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

55. Without authorization, Defendant DOE 15, who uses the pseudonym "tbear2006", reproduced and distributed the Plaintiff owned and copyrighted works *R.E.M.*, U.S. Copyright Registration Number PA 1-130-969, *Manhattan Sex Party 1*, U.S. Copyright Registration Number PA 1-232-277, and *Copshack 2: Crossing the Line*, U.S. Copyright Registration Number PA 1-366-927, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

56. Without authorization, Defendant DOE 16, who uses the pseudonym "jason scott", reproduced and distributed the Plaintiff owned and copyrighted work *Road to Redneck Hollow*, U.S. Copyright Registration Number PA 1-379-760, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

57. Without authorization, Defendant DOE 17, who uses the pseudonym "taylor hutchence", reproduced and distributed the Plaintiff owned and copyrighted work *Packers*, U.S. Copyright Registration Number PA 1-233-145, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

58. Without authorization, Defendant DOE 18, who uses the pseudonym "david shilman", reproduced and distributed the Plaintiff owned and copyrighted works *Spy Quest 3*, U.S. Copyright Registration Number PA 1-366-857 and *Folsom Leather*, U.S. Copyright Registration pending, via the blog operated by Defendant GONZALES at mcgsmen2.ning.com.

59. Without authorization, Defendant DOE 19, who uses the pseudonym "bitchy bowen", reproduced and distributed the Plaintiff owned and copyrighted work *Tag Team*, U.S. Copyright Registration Number PA 992-998, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

60. Without authorization, Defendant DOE 20, who uses the pseudonym "ulises", reproduced and distributed the Plaintiff owned and copyrighted work *Desert Train*, U.S. Copyright Registration Number PA 984-689, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

61. Without authorization, Defendant DOE 21, who uses the pseudonym "u-ron", reproduced and distributed the Plaintiff owned and copyrighted work *Campus Pizza*, U.S. Copyright Registration pending, via the piracy web blog operated by Defendant GONZALES at mcgsmen2.ning.com.

62. Plaintiff did not authorize Defendants' copying, display or distribution of its works.

### Defendants Willfully Infringed Plaintiff's Registered Copyrights

63. Defendants infringed the copyrights in Plaintiff's creative works by reproducing, distributing and/or publicly displaying the works by and through various piracy web blogs without proper approval or authorization of Plaintiff.

64. Defendants knew the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works.

65. Each of the Doe Defendants' distributed Plaintiff's works by and through the piracy web blog mcgsmen2.ning.com where Plaintiff's efforts to prevent infringement of its works was openly discussed, where Plaintiff's anti-piracy measures were ridiculed and mocked, and where tactics were specifically designed and employed to make it difficult for Plaintiff to detect the illegal activity.

66. Defendants knew their acts constituted copyright infringement.

67. Defendants' conduct was willful within the meaning of the Copyright Act.

68. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

69. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

70. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

71. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

(Contributory Copyright Infringement)

72. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 70, inclusive.

73. Numerous individuals and entities directly infringed Plaintiff's copyrighted works.

74. Defendants induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to reproduce and distribute Plaintiff's works.

75. Defendants had knowledge of the infringing acts relating to Plaintiff's copyrighted works.

76. The acts and conduct of Defendants, as alleged above in this Complaint constitute contributory copyright infringement.

## THIRD CAUSE OF ACTION

(<u>Vicarious Copyright Infringement</u>)

77. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 75, inclusive.

78. Numerous individuals and entities directly infringed Plaintiff's copyrighted works.

79. Defendants had the right and ability to control the infringing acts of the individuals or entities who directly infringed Plaintiff's works.

80. Defendants obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed Plaintiff's works.

81. The acts and conduct of Defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

## FOURTH CAUSE OF ACTION

(<u>Misappropriation of the Right of Publicity (Common Law and Cal. Civ. Pro. § 3344)</u>)

82. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 80, inclusive.

83. Plaintiff's copyrighted works embody images of actors all of whom executed written agreements with Plaintiff through which Plaintiff became the exclusive proprietor of the actors' rights of publicity in the performances embodied in Plaintiff's creative works.

84. Defendants infringed the rights of publicity owned and controlled by Plaintiff by displaying images of the actors for commercial gain without authorization.

85. As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiff has been damaged by lost income in an amount to be determined at trial.

86. Defendants acted deliberately to injure Plaintiff and otherwise in conscious disregard of Plaintiff's rights. Further, Defendants performed these acts, or otherwise authorized, ratified or had knowledge of them and thereby acted in conscious disregard of Plaintiff's rights. Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendants in an amount unknown at the present time.

87. The acts and conduct of Defendants as alleged above in this Complaint constitute a misappropriation of the right of publicity pursuant to the common law of California.

88. The acts and conduct of Defendants as alleged above in this Complaint constitute a misappropriation of the right of publicity in the form of the unauthorized commercial use of a photograph in violation of California Civil Code §3344.

89. Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendants in an amount unknown at the present time.

90. The aforementioned acts of Defendants were willful, oppressive, fraudulent and malicious and therefore, Defendants' conduct justifies an award of exemplary or punitive damages in an amount sufficient to punish Defendants and to make examples of them to others as provided for in Cal. Civ. Code § 3344(a).

## JURY DEMAND

91. Plaintiff hereby demands a jury trial in this case.

## PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1) That the Court enter a judgment against Defendants that they have:

      a. willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501,

      b. willfully violated Plaintiff's assigned rights of publicity in violation of California common law and Cal. Civ. Code §3344; and

      c. otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with they, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff 's;

(3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under its control;

(4) That the Court order Defendants to pay Plaintiff's general, special, actual and statutory damages as follows:

      a. Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights; and

      b. Plaintiff's damages and Defendants' profits pursuant to Cal. Civ. Code § 3344 or in the alternative statutory damages pursuant to Cal. Civ. Code § 3344;

(6) That the Court order Defendants to pay punitive damages pursuant to Cal. Civ. Code § 3344.

(7) That the Court order Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504 and Cal. Civ. Code § 3344(a).

(8) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: *September 28, 2007*                    Respectfully submitted,

GILL SPERLEIN
Attorney for Plaintiff, IO GROUP, INC.

## CERTIFICATION OF INTERESTED PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Bruce Lahey – majority shareholder of Io Group, Inc.

Brian Ashby – minority shareholder of Io Group, Inc.

Dated: *September 28, 2007*   Respectfully submitted,

GILL SPERLEIN
Attorney for Defendant IO GROUP, INC.