GILL SPERLEIN (172887)
THE LAW FIRM OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 487-1211 X32
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GILBERT MICHAEL GONZALES, an individual; and DOES 1-21, individuals,<br><br>Defendants. | CASE NO. C-07-5026 (MHP)<br><br>DECLARATION OF KEITH RUOFF IN SUPPORT OF PLAINTIFF IO GROUP, INC.'S NOTICE MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE |

I, KEITH RUOFF, declare:

1. I am vice president of Plaintiff Io Group, Inc.

2. In my role as vice president of Io Group for the last eight years, I am in charge of Io Group's Internet operations and am generally informed as to the operation of Internet based websites. In my experience Internet access providers maintain subscriber activity logs indicating which of its subscribers were assigned an ip address at any give date and time but only maintain

-1-

subscriber activity logs for a short period of time before destroying the information contained in the logs.

3.  I observed and documented infringement of Io Group works on mcgsmen2.ning.com by each of the DOE defendants as identified by their user name in the complaint.

4.  I am aware of no other means for identifying the DOE defendants in this matter other than obtaining subscriber information for ip addresses associated with the infringing activity from Internet access providers.

5.  I also am in charge of Io Group's anti piracy department and I am familiar with many aspects of on-line piracy.

6.  The infringement at issue in the matter is an example of the latest scheme infringers have developed for sharing infringing works with each other via the Internet. The infringing activity revolves around an Internet web log commonly referred to as a blog. A blog is a website where entries are written in chronological order. An increasingly important part of blogs is the ability for readers to leave comments in an interactive format.

7.  Ning.com is one of many commercial enterprises that provide free hosting and other support for individuals who wish to operate blogs. Typical of this arrangement, the domain name of the blog site consists of the free host provider's base domain and a subdomain determined by the individual operating the blog. Thus in this matter the name of the blog site, mcgsmen2.ning.com, consists of Ning's base domain name (ning.com) and the name of Defendant Gonzales' blog (mcgsmen2).

8.  Bloggers, as the individuals who operate blogs are referred to, may write about any number of topics. In this matter, Gonzales operated his blog as a place to trade sexually explicit

audiovisual files without regard to copyright. At Gonzales' invitation, users traded audiovisual works in several ways. Users either uploaded a video file so that it could play directly from the mcgsmen2.ning.com site, or they posted links to other locations where the user stored the infringing files. In most cases, users also uploaded an example of the material available on the infringing audiovisual files in the form of a series of still frame images extracted from the file, referred to as "screen captures" or "screen caps"

9.  It is often difficult to identify individuals operating on the Internet because they frequently provide bogus information when registering to participate on a particular website, such as ning.com or the blog operated by Gonzales at mcgsmen2.ning.com. This is particularly true when the individual is accessing the site in order to engage in illegal activity such as copyright infringement. On the other hand, when an Internet user subscribes with an Internet service provider in order to get Internet access (also referred to as an Internet access provider) the user by necessity does provide accurate information for the simple reason that the Internet access provider must supply cable to the subscriber's access location and generally bills the subscriber on a monthly basis. If the subscriber uses a satellite service for Internet access the Internet access provider must still visit the access location in order to activate equipment used to receive and send signals to the Internet.

10.  When an Internet access provider supplies a connection to the Internet, the connection is identified by a series of numbers called an Internet protocol ("ip") address. An ip address can be analogized to a telephone number. Just as a telephone company provides a telephone number to its customers, an Internet access provider assigns an ip address to each of its subscribers. Just as caller ID allows someone to identify the telephone number and thus the

location from which a call is originating, so can a website determine the ip address and thus the location from which Internet activity is originating.

11.  When a user accesses a website such as mcgsmen2.ning.com, the website generally records the ip address being used to access the site and stores that information on the its server logs. In this case, each of the DOES accessed the website mcgsmen2.ning.com uploaded data either in the form of an infringing audiovisual file and/or a link to an infringing file.

12.  Anyone can perform a simple search on public databases to determine which Internet access provider controls a specific ip address. For example, XYZ access provider may control all ip addresses between 12.345.678.001 and 12.345.678.900. If a user engages in infringing activity using the ip address 12.345.678.050, then XYZ provides Internet access for that user.

13.  Often larger Internet access providers that control blocks of ip addresses subassign smaller blocks of ip addresses to smaller (downstream) access providers, who in turn assign the ip addresses to individual subscribers. In such cases, the large access providers cannot identify the individual subscribers, they can only identify the downstream provider and that provider can identify the individual account holder.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *November 5, 2007*                              */s/ Keith Ruoff*

                                                       KEITH RUOFF
                                                       Vice-President, Io Group, Inc.

I hereby attest that this is the declaration of Keith Ruoff and the original with Keith Ruoff's holographic signature is on file for production for the Court if so ordered, or for inspection upon request by any party. Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *November 5, 2007*                              /s/ Gill Sperlein
                                                           GILL SPERLEIN,
                                                           Counsel for Plaintiff Io Group, Inc.

**CERTIFICATE OF SERVICE**

I am over 18 years of age, am employed in the county of San Francisco, at 69 Converse Street, San Francisco, California, 94110 in the office of a member of the Bar of the United States District Court for the Northern District of California.  I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with United Parcel Service and correspondence is deposited with United Parcel Service that same day in the ordinary course of business. Today I served the attached:

- **PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-11 FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE; AND [PROPOSED] ORDER;**
- **DECLARATION OF GILL SPERLEIN IN SUPPORT OF REQUEST; and**
- **DECLARATION OF KEITH RUOFF SPERLEIN IN SUPPORT OF REQUEST**

by causing a true and correct copy of the above to be placed in United Parcel Service at San Francisco, California in a sealed envelope with postage prepaid, addressed as follows:

Gilbert Michael Gonzales
66640 Granada Avenue
Desert Hot Springs, CA  61867

United States District Court
450 Golden Gate Avenue
San Francisco, CA  94102

e-filing Chambers Copy
*Io Group, Inc. v. Gonzales*, C-07-5026 (MHP)

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 5, 2007.

*/s/ Steve Azbell*
Steve Azbell

I hereby attest that this is the declaration of Steve Azbell and the original with Steve Azbell's holographic signature is on file for production for the Court if so ordered, or for inspection upon request by any party.  Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *November 5, 2007*    /*s/ Gill Sperlein*
GILL SPERLEIN,
Counsel for Plaintiff Io Group, Inc.

-1-