GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 487-1211 X32
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation, | CASE NO.: 07-5026 (MHP) |
| Plaintiff, | **PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-11 FOR DISCOVERY ORDER; AND [PROPOSED] ORDER** |
| vs. | |
| GILBERT MICHAEL GONZALES, an individual; and DOES 1-21, individuals, | |
| Defendants. | |

Pursuant to Local Rule 7-11, plaintiff seeks a Court Order allowing subpoenas issued under this Court's November 6, 2007 Order permiting discovery prior to the Rule 26 Conference to be directed at third parties who may be cable operators under 47 U.S.C. §551. Stipulation for this motion could not be achieved because GILBERT MICHAEL GONZALES, the one named defendant in this matter, has yet to appear. Sperlein Decl. at ¶2. Indeed, just prior to filing this motion, plaintiff filed its Request to Enter Default as to GILBERT MICHAEL GONZALES. *Id*.

-1-

The reason for which plaintiff seeks this Order is so that it may continue in its efforts to identify the remaining twenty-one (21) defendants currently identified as DOES 1-21. *Id*. at ¶3.

## INTRODUCTION, PROCEDURAL AND FACTUAL BACKGROUND

On November 5, 2007, plaintiff moved this Court for leave to take early discovery. *Id*. at ¶4. On November 6, 2007, the Court granted Plaintiff's motion. *Id*. at ¶5.

Under the authority of the Court's order, plaintiff served on Time Warner Cable the subpoena attached as Exhibit A to the declaration of Gill Sperlein in support of this motion. *Id*. at ¶¶6-8 and Exhibit A attached thereto.

Time Warner refused to reply to the subpoena, because Time Warner believes it is prohibited from providing the information under 47 U.S.C. §551 (The Cable Privacy Act) which prohibits a cable operator from disclosing personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned or a "court order." 47 U.S.C. §551(c). *Id*. at ¶9, and Exhibit B attached thereto.

Time Warner claims that while a subpoena may be a Court order it is not the type of Court order contemplated by the Act. *Id*. Time Warner also argues that this Court's November 6, 2007 order allowing early discovery and allowing the service of subpoenas on Internet service providers is not sufficient to meet the requirements of 47 U.S.C. §551, because the order does not specifically reference the statute or acknowledge that the ISPs to whom the subpoenas are directed may be cable operators and thus regulated by 47 U.S.C. §551. *Id*.

Because, the clear language of the Cable Act permits disclosure of information pursuant to a Court order and because plaintiff believes a subpoena *is* a court order[1] (CITE), plaintiff did not

---

[1] *Young v. United States ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 821, 95 L. Ed. 2d 740, 107 S. Ct. 2124(1987)(Scalia, J., concurring in judgment)(courts empowered to prosecute for contempt

specifically address the issue in its previous motion for early discovery. The proposed order plaintiff filed with that motion thus did not specifically address the issue of notice in the case of an Internet service provider that is a cable operator. *Id.* at ¶10. Plaintiff believed (and continues to believe) that a subpoena, issued by an attorney on behalf of a federal court and subject to the supervision of the courts meets both the letter and intent of the Cable Privacy Act.

Nonetheless, at Time Warner Cable's request and in an effort to assuage its concerns, plaintiff respectfully moves this Court to issue the attached Proposed Order specifically allowing the service of subpoenas in this matter on cable operators, including Time Warner Cable.

Dated:  *December 14, 2007*                                         Respectfully submitted,

*/s/ Gill Sperlein*

GILL SPERLEIN,
Attorney for Plaintiff

---

"those who . . . disobey orders necessary to the conduct of [their] business (such as subpoenas)"; *Fisher v. Marubeni Cotton Corp.,* 526 F.2d 1338, 1340 (8th Cir. 1975) ("A subpoena is a lawfully issued mandate of the court issued by the clerk thereof").

-3-

PLAINTIFF'S REQUEST FOR DISCOVERY ORDER
C-07-5026 (MHP)

# [PROPOSED] ORDER

Having considered Plaintiff's Motion and finding good cause therefore,

**IT IS HEREBY ORDERED,** that subpoenas issued pursuant to this Court's November 6, 2007 Order Granting Plaintiff's Motion to Take Discovery Prior to Rule 26 Conference, shall be deemed appropriate court orders under 47 U.S.C. §551.

**IT IS FURTHER ORDERED**, that Time Warner Cable shall have fourteen (14) days from the date it is served a copy of this Order to respond to plaintiff's subpoena in order that it has sufficient time to provide notice to the subscribers whose identity plaintiff seeks to obtain thereby.

**IT IS FURTHER ORDERED**, that good faith attempts by Time Warner Cable to notify the subscribers shall constitute compliance with this Order.

Dated:_____         _____
                                        United States District Judge
                                        MARILYN HALL PATEL

**CERTIFICATE OF SERVICE**

I am over 18 years of age, am employed in the county of San Francisco, at 69 Converse Street, San Francisco, California, 94110 in the office of a member of the Bar of the United States District Court for the Northern District of California. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with United Parcel Service and correspondence is deposited with United Parcel Service that same day in the ordinary course of business. Today I served the attached:

- **PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-11 FOR DISCOVERY ORDER; AND [PROPOSED] ORDER; and**
- **DECLARATION OF GILL SPERLEIN IN SUPPORT OF REQUEST;**

by causing a true and correct copy of the above to be placed in United Parcel Service at San Francisco, California in a sealed envelope with postage prepaid, addressed as follows:

Gilbert Michael Gonzales
66640 Granada Avenue
Desert Hot Springs, CA  61867

United States District Court
450 Golden Gate Avenue
San Francisco, CA  94102

e-filing Chambers Copy
*Io Group, Inc. v. Gonzales*, C-07-5026 (MHP)

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 14, 2007.

                                        */s/ Steve Azbell*
                                        Steve Azbell

I hereby attest that this is the declaration of Steve Azbell and the original with Steve Azbell's holographic signature is on file for production for the Court if so ordered, or for inspection upon request by any party. Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *December 14, 2007*                              */s/ Gill Sperlein*
                                                      GILL SPERLEIN,
                                                      Counsel for Plaintiff Io Group, Inc.