GILL SPERLEIN (172887)
THE LAW FIRM OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California  94114
Telephone: (415) 487-1211 X32
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GILBERT MICHAEL GONZALES, an individual; and DOES 1-21, individuals,<br><br>Defendants. | CASE NO. C-07-5026 (MHP)<br><br>DECLARATION OF GILL SPERLEIN IN SUPPORT OF PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-11 FOR DISCOVERY ORDER; AND [PROPOSED] ORDER |

I, GILL SPERLEIN, declare:

1. I am an attorney at law licensed to practice in the State of California and attorney of record for Plaintiff Io Group, Inc.

2. Gilbert Michael Gonzales, the only named defendant in this matter has been served a summons and complaint but has not yet appeared. Prior to filing this motion I filed Plaintiff's Request to Enter Default against Defendant Gilbert Michael Gonzales.

3. Plaintiff is in the process of identifying individuals who are currently named as DOE 1-21, and seeks this Order to aid in that process.

4.      On November 5, 2007 on behalf of Plaintiff, I moved the Court to allow discovery prior to the Rule 26 conference, in order to obtain the identity of DOE defendants from certain Internet Service providers.

5.      On November 6, 2007, the Court issued an order allowing early discovery and authorizing Plaintiff to serve subpoenas on Internet Service providers.

6.      Pursuant to the Court's Order, On November 14, 2007, I served a subpoena on Time Warner Cable to determine the identity of two subscribers. A response was due on November 30, 2007.

7.      Having received no reply by December 4, 2007, I sent a follow up letter. Time Warner Cable replied that the failure to respond had been an oversight, but also stated that it could not reply to the subpoena because more specific information was required.

8.      I revised the subpoena in order to provide the additional information Time Warner needed to determine which of its subscribers were covered by the subpoena. A true and complete copy of the revised subpoena is attached hereto as Exhibit A.

9.       More importantly and more relevant to the motion before the Court, Time Warner asserted that it could not respond to the subpoena, because under 47 U.S.C. §551 it could not provide the information without a court order. Time Warner stated that its position is that a subpoena is not a court order as contemplated under 47 U.S.C. §551 and that this Court's earlier Order was not sufficient because it did not specifically address the Act or indicate that the Court understood the subpoenas allowed under its previous order might be served on companies that were cable operators. A copy of Time Warner's e-mail stating its position is attached hereto as Exhibit B.

10. Because, the clear language of the Cable Act permits disclosure of information pursuant to a Court order and a subpoena is a court order, I did not specifically address the issue in the previous motion for early discovery I filed with the Court. The proposed order I filed with that motion thus did not address the issue of notice in the case of a cable operator.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *December 14, 2007*                             Respectfully submitted,

                                                       */s/ Gill Sperlein*

                                                       GILL SPERLEIN,
                                                       Attorney for Plaintiff

# **CERTIFICATE OF SERVICE**

I am over 18 years of age, am employed in the county of San Francisco, at 69 Converse Street, San Francisco, California, 94110 in the office of a member of the Bar of the United States District Court for the Northern District of California. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with United Parcel Service and correspondence is deposited with United Parcel Service that same day in the ordinary course of business. Today I served the attached:

- **PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-11 FOR DISCOVERY ORDER; AND [PROPOSED] ORDER; and**
- **DECLARATION OF GILL SPERLEIN IN SUPPORT OF REQUEST;**

by causing a true and correct copy of the above to be placed in United Parcel Service at San Francisco, California in a sealed envelope with postage prepaid, addressed as follows:

Gilbert Michael Gonzales
66640 Granada Avenue
Desert Hot Springs, CA  61867

United States District Court
450 Golden Gate Avenue
San Francisco, CA  94102

e-filing Chambers Copy
*Io Group, Inc. v. Gonzales*, C-07-5026 (MHP)

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 14, 2007.

/s/ Steve Azbell
Steve Azbell

I hereby attest that this is the declaration of Steve Azbell and the original with Steve Azbell's holographic signature is on file for production for the Court if so ordered, or for inspection upon request by any party. Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *December 14, 2007*
/*s/ Gill Sperlein*
GILL SPERLEIN,
Counsel for Plaintiff Io Group, Inc.

-1-