GILL SPERLEIN (172887)
THE LAW FIRM OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 378-2625
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>    Plaintiff,<br><br>          vs.<br><br>GILBERT MICHAEL GONZALES, an individual,<br><br>    Defendant. | CASE NO.: 07-5026 (MHP)<br><br>**DECLARATION OF KEITH WEBB IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**<br><br>Date:  April 7, 2008<br>Time:  3:00 p.m.<br>Ctrm:  15, 18th Floor |

I, Keith Webb, declare as follows:

1. I am Vice President of Plaintiff, IO Group, Inc.

2. I am in charge of all Io Group's Internet activity and am familiar with Internet trends and the way in which many websites operate.

3. I observed a series of websites operated by MikeyG who I later discovered to be Defendant Gilbert Michael Gonzales. Each of these sites was hosted using an emerging type of

-1-

Webb Declaration in Support of
Plaintiff's Application for Default Judgment
07-5026 (MHP)

service whereby Internet service companies provide a url and hosting services so that individuals can then create their own web presence without separately obtaining a domain name or hosting facilities. These generally generate income by displaying advertising and the individuals who set up websites using these services often do not have to provide identification. Because individuals can operate a site without supplying identifying information, these types of sites are frequently favored by pirates.

    4. Io Group documented infringing activity on each of the following websites operated by defendant and sent a take down notice to the underlying provider, generally resulting in the termination of the site.  However, as a provider terminated one site, Gonzales would simply open a new site and continue his infringing activity.

    5. In December 2006, plaintiff became aware that someone using the online persona of MikeyG was distributing its works by and through the blog located at http://timeforcookies.blogspot.com.  Plaintiff notified blogspot.com and blogspot terminated the blog.

    6. I personally observed Internet webpages showing that on February 9, 2007 Defendant Gonzales, using his on-line persona MikeyG, joined hotgaylist.com, and wrote in his profile that he lived in Desert Hot Springs and was born November 18, 1964.  A printout of his user profile is attached hereto as Exhibit A.  That same day he posted on hotgaylist.com links to an illegal copy of plaintiff's movie *Packers*. He did not include the real name of the movie and did not refer to plaintiff by name. Also on February 9, 2007 he posted links to illegal copies of plaintiff's movies *H20*.

    7. On February 19, 2007 Gonazales, using the MikeyG moniker posted links to an illegal copy of *Laid Up*. On or about February 19, 2007 he posted links to an illegal copy of *ManPlay 22*.

-2-

Webb Declaration in Support of
Plaintiff's Application for Default Judgment
07-5026 (MHP)

On March 1, 2007 he posted links to illegal copies of *Back to Barstow* and *Holler*. On March 2, 2007 he posted links to an illegal copy of *Boiler.* On March 6, 2007 he posted links to an illegal copy of *Eruption.* In an obvious effort to avoid detection, defendant substituted a different title for each of the works and never used plaintiff's trade name.

8. In March 2007 plaintiff became aware of a new blog named tforc2.blogspot.com, presumably short for "Time For Cookies Two". Defendant, again using the on-line persona MikeyG, picked up where he left off, posting links to illegal copies of plaintiff's works *Boiler*, *H2O*; *Lifeguard*; *Riders*, *River Patrol*, *Road to Redneck Hollow*, *SeaMen - Fallen Angel IV*, *Slammer* and *Spy Quest*. Plaintiff cataloged the infringing activity and sent take down notices to blogger.com, noting that the MikeyG was a repeat infringer.

9. On February 9, 2007, Defendant as MikeyG also created a profile on blogsbugs.com and started a new blog called http://timeforcookies.blogbugs.com. Gonzales apparently never developed this blog further.

10. The next MikeyG blog to appear was http://mcgmen.blogspot.com. On June 2, 2007 MikeyG posted links to an illegal copy of *Folsom Leather* and on July 4, 2007 he posted links to an illegal copy of *Sex in the City*. Once more, plaintiff sent a take down notice to the provider and the site was terminated.

11. Gonzales then opened a social network on a new website, Ning.com, still using the MikeyG moniker. There Gonzales set up a page at http://mcgmen2.ning.com. This new service allowed Gonzales to create a more complex presence called a social network. Gonzales continued to make his own illegal posts, but using this new system he could also invite others to become members and make their own postings. Gonzales had control over who became a member of the site and could also control what members could post. In the course of several months defendant

-3-

Webb Declaration in Support of
Plaintiff's Application for Default Judgment
07-5026 (MHP)

distributed eleven of plaintiff's titles by and through http://mcgmen2.ning and allowed members to illegally distribute an additional twenty-two (22) of plaintiff's works. Defendant participated in discussions in this group in which he and other members openly mocked plaintiff's antipiracy efforts and discussed ways to avoid detection such as using pictures to describe movies rather than words so that word searches would not uncover the infringing activity.

12.  Defendant illegally distributed nine (9) of plaintiff's works on tforc2.blogspot.com, eight (8) works on hotgaylist.com, two (2) works on mcgmen.blogspot.com and eleven (11) works on mcgsmen2.ning.com. Defendant knowingly allowed his social network on Ning to be used to distribute an additional twenty-two (22) plaintiff owned works.

13.  Io Group uses high quality cameras and state of the art editing and reproduction equipment. Our directors, cinematographers, photographers and editors are highly trained and all had experience in film production prior to working for Io Group. We have high standards in our selection of performers.  Io Group has a strict policy of only portraying safer sex practices and even prohibits the portrayal of cigarette smoking in its productions.  Io Group is a well run, socially responsible company that produces high quality product.  Io Group's hard work and experience results in a product that contrasts sharply with product created by the many fly-by-night operations that are essentially one or two person operations using consumer grade equipment.

14.  Io Group sets the licensing fee for our works higher than many inferior competitors who often flood the market with low quality inexpensive and readily available content.  We strictly control how our content is distributed. For example, whenever possible we will not allow the distribution of our products to occur in conjunction with the distribution of material that portrays risky sexual practices without the use of condoms. We work hard to protect the image of our brand

-4-

Webb Declaration in Support of
Plaintiff's Application for Default Judgment
07-5026 (MHP)

thereby maintaining the value of our product.

15. Io Group's ability to sell DVDs and memberships to our website is directly dependant upon our ability to control the distribution of our works. We cannot sell a movie if that movie is made freely available on the Internet.

16. Io Group puts the public on notice that unauthorized use of any portion of one of its motion pictures will be assessed at $25,000. Whenever we provide promotional material to reviewers, they must agree to plaintiff's Terms of Use whereby they assent to a $25,000.00 assessment for unauthorized use of any video clip. Io Group also reiterates in the Terms of Service for our website, that "[e]ach audiovisual work or any portion thereof contained herein has a retail value of $25,000.00 US." A printout of Io Group's webpage displaying the relevant portion of the Terms of Service is attached hereto as Exhibit B. Each visitor to the website must agree to these Terms of Service by clicking the "I agree" box.

17. A search of Io Group's membership records indicates that Defendant Gonzales purchased a membership to our website on at least two different occasions and thus would have agreed to our terms of use stating that unauthorized use of video clips had a retail value of $25,000. Printouts of Io Group's billing records for Gonzales are attached hereto as Exhibit C.

18. The suggested retail price of Io Group DVDs as advertised on our website is $49.00 to $79.00, and the retail price of our DVDs stays relatively consistent over time. For example, one of the infringed movies, *River Patrol*, was the first movie Io Group ever produced (1998) and it still has a suggested retail price of $69.00. A page from our website showing the suggested retail price and list price for River Patrol is attached hereto as Exhibit D.

19. I personally observed a listing by member MikeyG on the hotgaylist.com forum section where MikeyG describes that a $59.99 movie he posted on a bit torrent site was quickly

downloaded by 500 members for a total value of $30,000.  A copy of a printout of the webpage is attached hereto as Exhibit E, with explicit images redacted.

20.  I also observed a March 14, 2007 posting by MikeyG on forum at awildmonkeydance.blogspot.com in which he acknowledged that Io Group, under its trade name Titan Media had taken action to close his earlier sites and that he was starting a new site called Time for Cookies on Blogger.com. A true and complete copy of that page is attached as Exhibit F.

21.  On-line piracy is one of the greatest concerns Io Group, Inc. presently faces. We are a small business and produce fewer than twenty movies a year. We have a staff of about twenty employees. For the last five years, Io Group has employed a full time in house attorney and an assistant who dedicate ninety percent of their time to anti-piracy activities including, but not limited to, ferreting out pirates, cataloging infringements, sending cease and desist letters and take down notices, and litigating when necessary.  Nonetheless, the piracy continues. We must continue these efforts because ultimately people will not purchase our movies if they can obtain them for free.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *February 20, 2008*              /s/ Keith Webb
                                         KEITH WEBB,
                                         Vice President, Plaintiff Io Group, Inc.

I hereby attest that this is the declaration of Keith Webb and the original with Keith Webb's holographic signature is on file for production for the Court if so ordered, or for inspection upon request by any party.  Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *February 20, 2008*              */s/ Gill Sperlein*
                                         GILL SPERLEIN,
                                         Counsel for Plaintiff Io Group, Inc.

-6-

Webb Declaration in Support of
Plaintiff's Application for Default Judgment
07-5026 (MHP)

**CERTIFICATE OF SERVICE**

I am over 18 years of age, am employed in the county of San Francisco, at 69 Converse Street, San Francisco, California, 94110 in the office of a member of the Bar of the United States District Court for the Northern District of California. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with United Parcel Service and correspondence is deposited with United Parcel Service that same day in the ordinary course of business. Today I served the attached:

- **APPLICATION FOR DEFAULT JUDGMENT**
- **DECLARATION OF KEITH WEBB IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**
- **DECLARATION OF GILL SPERLEIN IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**

by causing a true and correct copy of the above to be placed in United Parcel Service at San Francisco, California in a sealed envelope with postage prepaid, addressed as follows:

| | |
|---|---|
| Gilbert Michael Gonzales | U.S. District Court |
| 66640 Granada Avenue | 450 Golden Gate Ave. |
| Desert Hot Springs, CA  61867 | San Francisco, CA 94103 |
| | e-filing Chambers Copy |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 20, 2008.

*/s/ Eric Burford*
_____
Eric Burford

I hereby attest that this is the declaration of Eric Burford and the original with Eric Burford's holographic signature is on file for production for the Court if so ordered, or for inspection upon request by any party. Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *February 20, 2008*       */s/ Gill Sperlein*
_____
GILL SPERLEIN,
Counsel for Plaintiff Io Group, Inc.